# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVERT CALDWELL,

    Plaintiff,

v.

COMPASS ENTERTAINMENT GROUP, LLC, *et al*.,

    Defendants.

Case No. 2:12-CV-00458-KJD-GWF

**ORDER**

Presently before the Court is Defendant Compass Entertainment Group, LLC and Rounder, Inc.'s Motion to Dismiss (#15/16). Plaintiff filed a response in opposition (#20) to which Defendants replied (#21).

*Pro se* Plaintiff has filed a prolix seventy-eight (78) page Complaint (#1) which contains forty-eight (48) pages of facts and thirty (30) pages attempting to tie those facts to twenty-two (22) counts, or causes of action. Defendants have now moved to dismiss the complaint, or in the alternative, seek a more definite statement. While hesitant to say that Plaintiff has not been detailed enough in his factual allegations, the Court has identified several defects in the complaint which require the Court to grant the motion, but also grant leave to Plaintiff to file an amended complaint.

First, Plaintiff's factual allegations make it appear that he is raising the rights of third parties who have not been joined in this action.  Particularly, it appears that Plaintiff is actually asserting the claims of Rounder Enterprises, Inc. and Rounder Life Enterprises, LLC which are not parties named as plaintiffs or defendants in the complaint.  The general rule is that a plaintiff must assert his own rights rather than rely on those of a third party.  See, generally, Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987).  From Plaintiff's pleadings, it is not clear whether he suffered the injury or whether the named third parties suffered the injury.  Thus it appears that Plaintiff has failed to allege facts sufficient to support the claim.  See Lujan v. Defenders of the Wildlife, 504 U.S. 555, 560 (1992).  Furthermore, even if they were named, corporations and other unincorporated associations must appear in federal court through an attorney.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004).  Plaintiff may not represent anyone other than himself.

Plaintiff is granted leave to amend his complaint.  However, Plaintiff must state facts that demonstrate for each claim that he is asserting his rights, and not the rights of a third party.  He cannot assert claims for breach of a contract to which he is not a party.  Attaching a copy of the alleged contracts to the complaint would be appropriate.  Further, claims must be based on facts asserted in the complaint, not in his response to the motion to dismiss.

Second, facts supporting claims based on fraud or misrepresentation must be pled with particularity.  See Fed. R. Civ. Pr. 9(b).  This means that all allegations of fraud must include "the time, place and nature of the alleged fraudulent activities." Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 2009).  Under Rule 9(b), Plaintiff must specify the "who, what, when, where, and how" of the alleged activities. Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations surrounding his alleged participation in fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007). In cases of fraud involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the

alleged fraudulent scheme." Id. (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989)).

For claims alleging fraud in the inducement of a contract, under Nevada law, a party must allege facts demonstrating each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false or knowledge that the defendant had an insufficient basis for making the representation; (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. J.A. Jones Constr. v. Lehrer McGovern Bovis, 89 P.3d 1009, 1018 (Nev. 2004).  Plaintiff's complaint fails to plead fraud with the particularity required.  However, Plaintiff is granted leave to amend his complaint.  Therefore, Plaintiff's amended complaint must be particular as required by Rule 9(b) and allege facts demonstrating the appropriate legal elements of a claim.

Furthermore, complaints must contain "a short and plain statement of the claim showing the pleader is entitled to relief." See Fed. R. Civ. Pr. 8(a).  Thus, while fraud must be pled with particularity as outlined by the Court, Plaintiff is cautioned against inserting extraneous facts and alleged misdeeds of defendants that are not directly relevant to the claims he asserts.  For example, acts that occurred after the contract was entered into may be asserted to state a cause of action for breach of contract, but are not facts in support of a claim for fraudulent inducement to enter into that contract.

Finally, Plaintiff has adequately alleged facts and provided evidence in support of his claim that venue is appropriate in this district.  Defendants merely deny Plaintiff's assertions without any sworn statement or admissible evidence contradicting Plaintiff's allegations that Rounder, Inc. and Compass Entertainment Group, LLC maintain their principal places of business in Las Vegas, Nevada and that Defendants' alleged actions primarily occurred in this judicial district.  Therefore, the motion to dismiss based on improper venue is denied.

Accordingly, IT IS HEREBY ORDERED that Defendant Compass Entertainment Group, LLC and Rounder, Inc.'s Motion to Dismiss (#15/16) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's complaint is **DISMISSED with leave to amend**;

IT IS FURTHER ORDERED that Plaintiff file an amended complaint in compliance with this order within fourteen (14) days of the order's entry, failure to do so will result in the action being dismissed with prejudice;

IT IS FURTHER ORDERED that the motion to dismiss based on improper venue is **DENIED**.

DATED this 6th day of November 2012.

_____
Kent J. Dawson
United States District Judge